UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMSOTH SUON,<br><br>                Petitioner,<br><br>     vs.<br><br>C.K. PLILER,<br><br>                Respondent. | Case No. 1:01-cv-5386-JKS-HC<br><br>MEMORANDUM DECISION |

      Kamsoth Suon, appearing *pro se*, has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Petitioner has also requested the appointment of counsel to assist with the prosecution of the petition.[1] Petitioner is currently serving a sentence of 59 years to life in a California state prison. Petitioner was charged with two counts. Count One charged murder in the first degree enhanced by the "street gang" provision.[2] Count Two charged use of a firearm in association with a criminal street gang and participation in a street gang.[3] After convicted by a jury and sentencing, Petitioner appealed. The California Court of Appeals affirmed the conviction but remanded for re-sentencing in an unpublished written decision. Petitioner's

---

[1] Petitioner was represented by appointed counsel before the California courts.

[2] CAL.PEN.CODE §186.22, which provides in relevant part:
(b)(1) Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: * * * *

[3] CAL. PEN. CODE §186.22, which provides in relevant part:
(a) Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years.

petition for further review by the California Supreme Court was summarily denied without opinion. Petitioner did not seek *certiorari* before the U.S. Supreme Court or post-conviction collateral review in the California state courts. Petitioner timely filed this petition. In her answer, Respondent affirmatively alleges that Petitioner's claims are exhausted. Petitioner has filed his traverse.

Petitioner presented three claims to the California Supreme Court: (1) Petitioner's incriminating statements during interrogation should have been excluded from evidence as the product of unlawful psychological coercion; (2) under California Penal Code § 29, opinion testimony is not lawful proof of defendant's mental state where that mental state is an essential element of the crime charged; and (3) testimony of a gang expert is legally insufficient to establish a culpable mental state that is an element of the crime charged.[4] In his petition, petitioner raises similar issues before this court: (1) admission of the incriminating statements that were the product of unlawful psychological coercion violated petitioner's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution; (2) admission of the expert testimony on his state of mind violated Petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution; and (3) the evidence on Petitioner's mental state was insufficient to establish a culpable mental state as an essential element of the crime in violation of Petitioner's rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.[5]

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[4] Petitioner's first point attacks his conviction for murder. His second and third points attack the enhancement of the sentence under CAL. PEN. CODE § 186.22(b)(1) resulting from the murder conviction but not the murder conviction itself, and his conviction under CAL. PEN. CODE §186.22(a).

[5] In each of the claims made, Petitioner's hand written statements cite only the relevant Federal Constitutional amendments and attach for the "detail" the pages containing his arguments made before the California Court of Appeal.

proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).  In applying this standard, this court reviews the last reasoned decision by the state court, *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004), which in this case was that of the intermediate Court of Appeal.  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

  The facts of the crime, as recited by the California Court of Appeal, are as follows:

> [Petitioner] a member of the Modesto Hit Squad criminal street gang was robbed on the evening of June 9, 1997.  In response he went to his friend Sophan Chouk, a member of the Crazy Mob Family, another criminal street gang, and borrowed a handgun.  He returned to the location where he had been robbed.  Once there he shot the individual who robbed him four time in the chest, killing him.

  *Claim One:  Psychological Coercion*.  In his opening brief before the California Court of Appeal Petitioner argued two factors rendered his confession involuntary.  First, that Petitioner was threatened in that he was told that if he cooperated, *i.e*., confessed, his cooperation would be viewed favorably, but if he failed to cooperate, his lack of cooperation would be viewed unfavorably.  Second, that Petitioner was promised that if he cooperated, the detective interrogating him would attempt to secure him a visit with his girl friend, who was pregnant with their child.

  The California Court of Appeal responded to both arguments as follows.

> In the opening brief, defendant first claims Buehler told him that if he "'failed to cooperate' his lack of cooperation would be viewed unfavorably."  Defendant gives us no citation to the record for this quote.  Our review of the record reveals only the similar statement to have been when Buehler told the defendant, "cooperation in a case like this could be viewed favorably or possibly unfavorably, depending on what he has to say."  The statements are quite different.  In fact, the statement in the record made by Detective Buehler falls clearly within the ambit of appropriate comments as defined in *People v. McClary*, (1977) 20 Cal.3d 218.
>
>    * * * * [Omitted material is quote from *McClary*]
>
> Defendant next complains that Detective Buehler "'promised' [defendant] that if he cooperated, Buehler would attempt to secure him a visit with his girl

friend." Again, defendant gives us no citation to the record. Our own reading reveals the following:

> "Q. [Prosecutor]: Did he say, 'Could you help me visit my girl friend" or words to that effect?
>
> "A. [Bueler]: Well he was interested in seeing her, certainly. And I told him I don't work at Juvenile Hall, I don't know what their policies are on that. I told him that I would check into it to see if it could be done.
>
> "We contacted later that same evening [July 17], I believe we went over there directly after leaving Juvenile Hall,... But later contact with administration at Juvenile Hall resulted in a denial of that, since they told us that they only let family members visit in-custody juveniles.

It is undisputed that the confession in question did not occur on the evening of the interview with Detective Buehler, and we find no impermissible coercion in the attempt of Buehler to secure defendant a visit with his girlfriend. We construe the testimony of Buehler as not offering a "quid pro quo" but merely an offer that he would see what he could do about obtaining permission for the girl friend to visit. The fact that the offer may have been to induce the defendant to be more favorably inclined to speak to the detectives is not significant. The situation is similar to the circumstances found not to be coercive in *People v. Massie, supra*, 19 Cal.4th 550. There the defendant indicated he would talk on one condition, that he be housed in his own cell. The officer indicated he would do what he could, but made no guarantees regarding defendant's housing status. The confession was found to be admissible.

As we find no evidence of coercion, defendant's statements were properly admitted.

In determining whether a confession is involuntary, the Supreme Court stated in *Hutto v. Ross*, 529 U.S. 28, 30 (1976) (per curiam), a case cited by Petitioner in his petition to the California Supreme Court for review as well as his opening brief before the California Court of Appeal: "The test is whether the confession was 'extracted by any sort of threats or violence, (or) obtained by any direct or implied promises, however slight, (or) by the exertion of any improper influence." Quoting *Bram v. United States*, 168 U.S. 532, 542-543 (1897); *see Brady v. United States*, 397 U.S. 742, 753 (1970).

The California Court of Appeal clearly did not apply a rule that contradicts governing law as set forth in Supreme Court cases. Thus, the outcome under § 2254(d)(1) turns on whether

"the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Lockyer*, 538 U.S. at 73. Petitioner cites no Supreme Court precedent and this Court's independent research has not revealed any such precedent. Indeed, the decision of the California Court of Appeal is not only entirely consistent with Supreme Court precedent but closely mirrors the facts in a case in which the Supreme Court held a confession by a juvenile was voluntary, *see Fare v. Michael C.*, 442 U.S. 707 (1979).

Turning to the § 2254(d)(2) alternative basis, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75, citing *Williams v. Taylor,* 529 U.S. at 413. Moreover, the state court decision must be more than incorrect or erroneous; the state court's application of clearly established law must be objectively unreasonable. *Id*.

Even if this Court were to find the decision of the California Court of Appeal to be incorrect (which it does not), that decision was not "objectively unreasonable." Petitioner is not entitled to relief under Claim One.

*Claim Two: Admission of Expert Testimony as to Intent*. In his petition for review to the California Supreme Court, as in his brief before the California Court of Appeals, Petitioner raised only admissibility of the testimony of the expert under state law. Petitioner did not, directly or inferentially, raise the issue of the Fifth, Sixth, or Fourteenth Amendments before the state courts. Petitioner cited six federal cases to the California court,[6] none of which are apposite as all were decided on federal evidentiary grounds, not federal constitutional principles. The same is true of the California cases cited by Petitioner on his California appeal.

Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A petitioner fairly

---

[6] *United States v. Rea*, 958 F.2d 1206 (2d Cir.1992); *United States v. Anderskow*, 88 F.3d 245 (3d Cir. 1996); *United States v. Dicker*, 853 F.2d 1103 (3d Cir.1988); *United States v. Beltran-Rios*, 878 F.2d 1208 (9th Cir.1993); *United States v. Gillespie*, 852 F.2d 475 (9th Cir.1988); and *United States v. Boyd*, 55 F.3d 667 (D.C. Cir.1995).

presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim. *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir.1999). A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim. *Duncan,* 513 U.S. at 365-66. In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law. *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000). Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes. *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996). In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well as a statement of facts that entitle the petitioner to relief. *Gray,* 518 U.S. at 162–163. A petitioner who cites one clause of a constitutional amendment does not exhaust a claim under a different clause of the same constitutional amendment. *Picard,* 404 U.S. at 276–277. If a petitioner cites a state case that analyzes a federal constitutional issue, that federal issue is fairly presented. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2002). The required level of explicitness is the same for *pro se* petitioners and petitioners who are represented by counsel. *Lyons,* 232 F.3d at 667.

Petitioner in this case has clearly failed to exhaust the federal Constitutional issues raised in Claim Two. However, the Respondent may waive the exhaustion requirement. *See* 28 U.S.C. § 2254(b)(3) ("A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance on the requirement unless the state, through counsel, expressly waives the requirement"). In ¶ VIII of her answer to the petition, Respondent affirmatively alleged "Petitioner's claims are exhausted." It can hardly be said that this does not constitute an express waiver by counsel of the exhaustion requirement. *See Dorsey v. Chapman*, 262 F.3d 1181, 1187 (11th Cir.2001). Generally, a *habeas* court may, in its discretion, reach the merits of a *habeas* claim or may insist on exhaustion of state remedies despite a State's waiver of the defense. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1997). The court's discretion should be exercised to further the interests of comity, federalism, and judicial efficiency. *See id*. Since

Respondent also addresses Petitioner's claims on the merits in her answer, it appears to be in the interests of the parties and judicial efficiency without unduly offending the interests of either comity or federalism for the court to decide Claim Two on the merits.

The error asserted by Petitioner is that, over defense objections, a prosecution gang expert was permitted to give his opinion that Petitioner's actions were done with the specific intent to promote, further, or assist the activities of a criminal street gang. The California Court of Appeal disposed of that issue stating in relevant part:

> In fact, as already noted above, the expert did not state what his opinion was on defendant's intent, merely that whatever his opinion was, it was based on the necessity of maintaining control of the area and his reputation as a dangerous member of the gang. Such expert testimony is relevant and admissible as proper indicia forming the basis of a section 186.22 violation. (Citation omitted.)

And further stating:

> Here, however at most, the officer testified that *if* the defendant committed the acts in question, it was for a gang purpose. Count II requires additionally that defendant willfully promoted, furthered, or assisted in gang conduct, here, the shooting. The enhancement to count I requires the commission of a felony. The officer did not, indeed could not, testify to these elements; thus, his opinion falls far short of testimony that the defendant is guilty of the charged crimes. (Emphasis in the original.)

Petitioner has not presented a colorable federal claim. The decision of the California Court of Appeal was based upon California evidentiary rules as applied to a crime defined in the California Penal Code.[7] As noted above, every federal case cited by Petitioner decided the issue on the basis of federal evidentiary rules as applied to federal crimes, not federal constitutional issues. One can not, therefore, say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable

---

[7] The California Supreme Court has held that expert testimony concerning the attributes of gang membership is admissible where its probative value in establishing motive, intent, or identity outweighs its potentially inflammatory or prejudicial effect. *See People v. Williams*, 66 Cal.Rptr.2d. 123, 150–152 (Cal.1997); *See also People v. Gardeley*. 59 Cal.Rptr.2d. 356, 364 (Cal.1996).

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner is not entitled to relief under Claim Two.[8]

*Claim Three: Sufficiency of the Evidence of Intent*. Petitioner's final claim is—assuming that, contrary to his position in Claim Two, the testimony of the expert on intent was properly admitted, it was insufficient as a matter of law to support his conviction of California's "street gang law," CAL.PEN.CODE § 186.22(a), (b)(1).

The California Court of Appeal, after distinguishing the federal precedents cited and noting that the applicable standard of review required it to view the evidence in the light most favorable to the judgment, disposed of that argument stating:

> Here the expert gave a cogent and coherent description of the potential gang motivation for the crime committed. It was not unreasonable for the jury to be persuaded beyond a reasonable doubt that these motives were in the mind of the defendant as he committed the crime.

The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original). This court must, therefore, determine whether the California Court of Appeal unreasonably applied *Jackson* in upholding the conviction in this case.

Petitioner's claim before this Court, as it was before the California courts, is predicated upon two decisions by the Ninth Circuit: *United States v. Garcia*, 151 F.3d 1243 (9th Cir.1998) and *Mitchell v. Prunty*, 107 F.3d 1337 (9th Cir.1997). Neither case is sufficiently apposite to compel the result sought by Petitioner.

*Garcia* was a direct appeal from a conviction in a federal court that presented the question of the evidence required to establish a federal crime, *i.e.*, the existence of an agreement sufficient to establish conspiracy. *Garcia* neither cited nor applied *Jackson*. It is totally inapposite.

---

[8] This court also notes that it may deny a *habeas* claim on the merits the failure to exhaust not with standing, 28 U.S.C. § 2254(b)(2), when it is clear that the petition does not raise a colorable federal claim. *Cassett v. Stewart,* 406 F.3d 614, 624 (9th Cir.2005).

MEMORANDUM DECISION
*Suon v. Pliler*, Case No. 1:01-cv-5386-JKS-HC          8

*Mitchell v. Prunty*, on the other hand was a pre AEDPA § 2254 *habeas* case that applied *Jackson* to overturn a state conviction. Mitchell was convicted of murder. In special interrogatories the jury specifically found that Mitchell did not fire any of the bullets that struck the victim or drive the car that ran over and crushed him. Consequently, the panel opined that Mitchell's conviction could only be upheld if Mitchell aided and abetted the crime,[9] stating (107 F.3d at 1340 (emphasis in the original and internal quotation marks and citations omitted)):

> In California, a person is guilty of aiding and abetting if he or she, acting with (1) knowledge of the unlawful purpose of the perpetrator; and (2) the intent or purpose of committing, encouraging, or facilitating the commission of the offense, (3) by act or advice aids, promotes, encourages or instigates, the commission of the crime. To be convicted, an aider and abettor must have criminal intent, and the requisite intent to render such aid must be formed *prior to or during* commission of that offense.

To the extent relevant to the issue before this court, the Ninth Circuit stated (107 F.3d at 1242):

> Membership in a gang cannot serve as proof of intent, or of the facilitation, advice, aid, promotion, encouragement or instigation needed to establish aiding and abetting. To hold otherwise would invite absurd results. Any gang member could be held liable for any other gang member's act at any time so long as the act was predicated on the "common purpose of 'fighting the enemy.'"

Taken in its proper context, *Mitchell* stands for nothing more than the nonremarkable proposition that gang membership, *standing alone*, can not establish the specific intent to support a conviction for aiding and abetting under California law. In contrast, in the case at bar, the conviction was not upheld solely on Petitioner's membership in a street gang. It can not be said under the facts in this case that *no* reasonable mind could have found that Petitioner violated CAL. PEN. CODE § 186.22(a), (b)(1). Petitioner is not entitled to relief under Claim Three.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** Petitioner's application for appointment of counsel is **DENIED**.

---

[9] It did so on the basis that it was necessary to reach this alternative theory for conviction because the state court upheld the conviction based upon evidence the panel determined was expressly rejected by the jury. The panel held "[i]t is not reasonable to affirm a conviction based on testimony that is clearly rejected by the verdict." 107 F.3d at 1339 n.3.

**IT IS FURTHER ORDERED THAT** the court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  All issues raised in the petition were addressed by the California Court of Appeal in its decision and no reasonable jurist could find that its decision was "objectively unreasonable."

Dated at Anchorage, Alaska this 17th day of March, 2006.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
